CHARLES GLENN *v.* STATE COMPENSATION COMMISSIONER

(No. 8528)

Submitted January 13, 1937. Decided January 19, 1937.
(Opinion filed January 26, 1937)

Ellison & Ellison and Homer Blizzard, for relator.
Homer A. Holt, Attorney General, and Kenneth E. Hines, Assistant Attorney General, for respondent.

FOX, JUDGE:

This case involves questions of procedure arising out of the provisions of Article 5, Chapter 23, Code 1931, as amended by Chapter 78, Acts of the Legislature, regular session of 1935. The particular question raised by the petition concerns procedure where the Compensation Appeal Board has remanded the case to the Compensation Commissioner for further development.

The claimant, Charles Glenn, was injured on March 24, 1936, while in the employ of the Cabin Creek Consolidated Coal Company, a subscriber to the Workmen's Compensation Fund. Application for compensation was made in due form, and refused by the Compensation Commissioner on the ground that the disability complained of was not received in the course of and resulting from his employment. Notice of appeal to the Appeal Board was given, the appeal heard on October 24, 1936, and the case remanded to the Commissioner for further development. On November 18, 1936, the claimant demanded that the Commissioner set a time and place for further hearing of his claim as directed by the Appeal Board, which demand was refused on the ground that the statute in question, having provided for an appeal from the action of the Appeal Board to this court with-

in ninety days from the date of the decision, he, the Commissioner, was without power to take any action in the case until after the expiration of the ninety days allowed for such appeal.

We cannot agree with this construction of the statute. It was the duty of the Compensation Commissioner to have immediately proceeded with the further development of the case as directed by the Appeal Board. Our conclusions on this question call for some comment as to the general procedure to be followed by the Compensation Commissioner and the Appeal Board as a prerequisite to an appeal to this Court.

Section 1, Article 5, Chapter 23 of the Code, confers upon the Compensation Commissioner full power and authority to hear and determine all questions within his jurisdiction, thus evidencing an intent on the part of the legislature to require a finding by the Commissioner in each case presented to him. Appeals may be made, from time to time, from the Commissioner to the Appeal Board upon questions as they arise, but the Commissioner should be given an opportunity to make his decision upon the case as finally developed, and all proceedings had before the Appeal Board, before such final decision by the Commissioner, should be regarded as interlocutory in their nature, and they are not such orders from which an appeal lies to this Court. To hold otherwise, would be to place the Commissioner in a position of being required to pass upon cases not fully developed, and to constitute the Appeal Board the Compensation Commissioner with respect to questions not considered by the Commissioner and not developed at the time of his decision. In this case, we hold that when the Appeal Board remanded the case to the Commissioner, it was his duty to immediately proceed in the further development of the evidence in the case and then make his decision on the whole case. From such finding, an appeal will lie to the Appeal Board. As stated above, we do not regard the action of the Appeal Board in remanding the case as an appealable order, and, therefore, there was nothing in the way of action by the Commissioner, and

the provision with respect to appeal to this Court within ninety days has no application. When the Commissioner has made his final decision and an appeal therefrom is taken, it then becomes the duty of the Appeal Board to make its decision in the case within sixty days thereafter. We are of opinion that the provision of the statute which requires the Appeal Board to decide all appeals from the action of the Commissioner within sixty days from the filing thereof means sixty days from the date when the appeal from the action of the Commissioner on final award is filed.

We think these holdings are plainly called for by the language of the statute. Section 3 of Article 5, as amended, clearly provides that the Appeal Board shall consider the record before it as it is furnished by the Commissioner, and then provides that upon motion of either party, or upon its own motion, it may remand the cause to the Commissioner for the taking of such new and additional evidence as may be necessary to arrive at a just decision of the case. It is then provided that the Board shall thereupon sustain the finding of the Commissioner or make such award as the Commissioner should have made, which necessarily implies that the Commissioner has made a finding which is the subject of the appeal, and sustains the theory that the Commissioner should have, in the first instance, passed upon all questions involved. This construction comports with the manifest intent of the statute to give to both the Commissioner and the Appeal Board power and authority to act within their respective limits, and gives to this Court, as the final arbiter of the dispute, the benefit of the decisions of both the Commissioner and the Appeal Board. However, this construction may seem to encroach somewhat upon the power of the Appeal Board to hear testimony upon appeal; but the power to hear testimony is not expressly granted by statute and only arises from whatever inferences may be drawn from the provisions of the statute which provides that all evidence taken before the Board shall be transcribed and become a part of the record. We do not hold that the Appeal Board

does not have power to take evidence, but we do mean to discourage the practice for the reason that we think orderly administration requires that the evidence be taken before the Commissioner and his decision had thereon.

Our decision in this case is not in conflict with the opinion of this court in *Georges Creek Coal & Coke Company* v. *Compensation Appeal Board*, 117 W. Va. 89, 183 S. E. 866, holding that an appeal lies to the Appeal Board from the refusal of the Commissioner to re-open a case upon a *prima facie* showing of aggravated conditions of an injury subsequent to a former action of the Commissioner in the case; and further holding that demand for hearing before the Commissioner was not necessarily required before such appeal. That case merely saved to the claimant the right of an opportunity to have his case fully heard before the Commissioner without previous demand for a hearing where the Commissioner had refused to re-open the case. Demand for a hearing of the case after the Commissioner had refused to re-open the case would have been futile.

It results that mandamus will issue against the Compensation Commissioner requiring the docketing of this case for the taking of such evidence as may be presented in accordance with the rules announced herein.

*Writ awarded.*