OWEN v. COPE SWIFT FOUNDRY CO.

1. WORKMEN'S COMPENSATION—ADDITIONAL TESTIMONY—DISCRETION
OF DEPARTMENT—RULES.

Order granting plaintiff's petition to take additional testimony,
which petition was made while claim for review of award of
deputy commissioner was pending before department of labor
and industry, *held*, not in violation of rules of department and
within its discretion to grant (2 Comp. Laws 1929, § 8450;
Department of Labor and Industry Rule No. 10, § 2 [1935]).

2. SAME—JURISDICTION OF DEPARTMENT—ADDITIONAL TESTIMONY.

The department of labor and industry has jurisdiction of a case
until an award is entered and while it has jurisdiction may
order the taking of additional testimony in the furtherance of
justice (2 Comp. Laws 1929, § 8450; Department of Labor and
Industry Rule No. 10, § 2 [1935]).

Appeal from Department of Labor and Industry.
Submitted October 5, 1938. (Docket No. 29, Cal-
endar No. 40,197.)   Decided December 21, 1938.

Albert Owen presented his claim against Cope
Swift Foundry Company, employer, and American
Mutual Liability Insurance Company, insurer, for
compensation for injuries sustained in defendant's
employ.   From order allowing the taking of addi-
tional testimony, defendants appeal. Affirmed.

*I. W. Ruskin* (*Lester L. Johnson,* of counsel), for
plaintiff.

*E. Dean Alexander,* for defendants.

Sharpe, J. Plaintiff filed a petition with the department of labor and industry for compensation. The cause was tried before a deputy commissioner on December 16, 1937, and March 8, 1938. On March 10, 1938, an award was made denying compensation. The award was filed with the department on March 11, 1938.

It appears that when the cause came on for hearing on March 8, 1938, plaintiff filed a petition for leave to take further testimony. Defendants filed a motion to dismiss the petition for the reason that the petition did not comply with the terms of rule 16 (being rule 10 [1935]) of the department. No action was taken by the department of labor and industry upon either the petition or the motion to dismiss.

About April 4, 1938, plaintiff filed a petition with the department of labor and industry, the purpose of which was to take further testimony; and on or about April 12, 1938, defendants filed objections to the petition and at the same time filed a petition to take further testimony, if plaintiff's petition was granted.

On April 18, 1938, the department entered an order denying plaintiff's petition to take further testimony for failure to comply with Rule No. 10, § 2, of the rules of practice and procedure of the department (1935). On May 12, 1938, the department entered an order granting to plaintiff and defendants the right to take further testimony. Defendants appeal and contend that the department was in error in setting aside its order of April 18, 1938.

The order of April 18, 1938, denied to plaintiff the right to take further testimony for the reason that the petition to take further testimony failed to comply with Rule 10, § 2, of the rules of the department.

The above section 2 of rule 10 provides that additional testimony may be taken by deposition while the case is pending on appeal. The record in this cause shows that when plaintiff first filed his petition to take additional testimony (March 8, 1938) no appeal had been taken from the award of the deputy commissioner, but when the order of May 12, 1938, was entered by the department, we find that on March 17, 1938, plaintiff filed his claim for review from the award of the deputy commissioner; and that on April 4, 1938, plaintiff filed another petition to take additional testimony. The second petition filed by plaintiff was not in violation of section 2 of rule 10, *supra*.

The department had jurisdiction of this cause until an award had been entered; and under rule 10, ''The department may order such additional testimony taken in any case without a petition and on its own motion in which it deems such testimony should be taken in the furtherance of justice, in such manner as may be directed by the department.'' Section 8450, 2 Comp. Laws 1929 (Stat. Ann. § 17.185), gives the department discretional power with reference to the taking of additional testimony. The order of May 12, 1938, was not a rehearing as a final award had not been made by the department, nor does it violate the statute or rules governing the taking of additional testimony.

The order of May 12, 1938, is affirmed and the cause remanded to the department of labor and industry for further proceedings. Plaintiff may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.