15153

HILL v. SKINNER *ET AL.*

(11 S. E. (2d), 386)

December, 1939.

334

*Messrs. Ray W. Humphrey* and *McEachin & Townsend,* for appellant,

*Messrs. Willcox, Hardee & Wallace,* for respondent,

November 4, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

Thomas T. Hill claimed compensation under the provisions of the Workmen's Compensation Act of this State, for an injury which he sustained while in the employ of H. K. Skinner. A hearing was had before Coleman C. Martin, Esq., a single Commissioner, who awarded compensation from the date of the injury. The full Commission review the action of Commissioner Martin and affirmed it. On appeal to the Court of Common Pleas, the matter was heard by Judge Lide, who modified the award of the full Commission. He denied the compensation given the claimant from October 22, 1938, to May 23, 1939, during which period claimant refused to submit himself to a physical examiation, which was demanded by the employer, through its representative, the insurance carrier, United States Fidelity & Guaranty Company, which was a defendant in the action. In other respects the award made by the full Commission was affirmed.

The claimant, Hill, appeals from the decree, or order, on eleven exceptions, which his counsel state in their argument are covered by three questions, to wit:

"1. Was claimant requested to submit to a physical examination in accordance with Section 7035-27, 1936 Supplement to 1932 Code of Laws for South Carolina, and, if so, was there such a refusal as is contemplated by said section?

"2 Was there a disputed question of fact?

"3. Was the finding of the trial Commissioner and of the full Commission an exercise of their discretion and not reviewable by the Circuit Court?"

We are satisfied with the order of Judge Lide and affirm it. But a question is made by the argument of appellant's counsel which may need to be made clear.

Section 7035-27, 1936 Supplement Code of Laws of South Carolina, provides: "Examination of Injured—Facts

Learned by Doctors Not Privileged—Autopsy.—After an inquiry, and so long as he claims compensation, the employee, if so requested by his employer or ordered by the Industrial Commission, shall submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the Industrial Commission. * * * If the employee refuses to submit himself to or in any way obstructs such examination requested by and provided for by the employer, his right to compensation and his right to take or prosecute any proceedings under this article shall be suspended until such a refusal or objection ceases, and no compensation shall at any time be payable for the period of compensation, unless in the opinion of the Industrial Commission the circumstances justify the refusal, or obstruction. * * *"

Appellant argues that the transaction and negotiation relating to the physical examination of the claimant took place before May 23, 1939, on which date he filed his claim for compensation and that until the claim was so filed he was not required under the terms of Section 27 to submit himself to a physical examination. Judge Lide did not specifically pass upon this question in his order, but it may be held that he has in effect done so by his holding that during the period from October 22, 1938, to May 23, 1939, the claimant may not be allowed compensation because of his refusal to submit to physical examination. If this be a proper conclusion of what the Circuit Court order holds, we think it is a correct holding. Section 27 does not require that the employer must wait until the claimant has filed with the commission a written claim for compensation before making his demand for a physical examination of the claimant. Such requirement would defeat the purpose of such examination. The employer desires to know, and is entitled to know, the condition of the claimant, at the time of the injury. He may take steps to minimize the effects of the injury and thus reduce his liability. It is true,

as was said by the court in the case of *Ham v. Mullins Lumber Company*, 193 S. C., 66; 7 S. E. (2d), 712, 716, that "compensation acts \* \* \* are intended to be for the benefit of employees and must be construed liberally in their favor". The court adheres to that pronouncement, but it must be construed to mean that the act must not be construed so as to work a hardship on the employer and/or the carrier by the interpolation of words or conditions not found in the act. To say that the claimant may delay the physical examination for so long a time after the injury as he wishes, is to put it in his power to defeat the benefit to the employer of such examination. The act must be construed in justice to both parties and must not impose a burden on either.

When the examination was demanded in this case the claimant may not then have made up his mind whether he would demand compensation or "sue other parties". but he did know that if he did not "sue other parties" he would claim compensation; and he did claim it.

We do not think there is any merit in this contention of appellant. All exceptions are overruled. Let the order of Judge Lide be reported as the judgment of this Court.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.

MR. ACTING ASSOCIATE JUSTICE L. D. LIDE disqualified.