16055

WARDLAW v. J. G. RIDGEWAY CONST. CO. *ET AL.*
(46 S. E. (2d) 662)

*Messrs. Culbertson & Brown,* of Greenville, for Appellant,

*Mr. Stephen Nettles,* of Greenville, for Respondents.

March 4, 1948.

STUKES, J.: Appellant is a workmen's compensation claimant and respondents are his employer and its insurance carrier. Claimant received a back injury under compensable circumstances on May 8, 1946 and compensation was paid

until the following October 6th when it was stopped. After the accident claimant was sent to a physician of the employer's choice who treated him without favorable result for some weeks and until he was directed by the employer to a specialist, a part of whose report is in the record before us, as follows: "Pain over the fifth lumbar interspace, diminished sensitivity to pin prick down the posterior aspect of the left thigh and leg, and lateral aspect of the left foot; limitation on forward bending; moderate spasticity of the lumbar muscles. I suspect that this man has a ruptured intervertebral disc. He should have a spinal myelogram performed in order to definitely establish or rule out this diagnosis. If a ruptured disc is demonstrated, then it should be removed surgically."

The "myelogram" referred to is commonly known as a spinal puncture, by means of which a specimen of the spinal fluid is withdrawn for examination. This, of course, is for the purpose of diagnosis and is not surgery or treatments as those terms are ordinarily used. There was some confusion in the arguments of counsel concerning this point but it was made plain in the following quotation from the statement of facts in the agreed transcript of record for appeal. "The specialist made certain examinations, and suspected that claimant was suffering from a ruptured disc in the upper part of the spine. He desired to do a spinal puncture in order to complete his diagnosis."

Upon claimant's refusal to submit to a spinal puncture payment of compensation was discontinued by the carrier who so notified the Commission. After some lapse of time counsel for claimant applied to the Commission for a hearing which was granted and held by a member of the Commission at Greenville on December 2, 1946. The file of the Commission was put in evidence as were the medical reports, including that quoted in part hereinabove, but no other medical evidence was taken. The Hearing Commis-

sioner expressly invited medical testimony in behalf of claimant, which was not forthcoming. Only he testified. He is entirely uneducated, unable to read and write and dependent upon manual labor for support of himself and family. He said that he is afraid of the puncture and afraid "to be worked on in the spinal part anywhere at all"; further that he knew of people who had been disabled as the result of such and a friend, he said, had died from a "spinal shot".

The Hearing Commissioner found that the claimant's refusal of the diagnostic treatment was not well founded in fact and that the employer and carrier were justified in discontinuing payment of compensation under the circumstances, and until claimant subjects himself to the recommended medical procedure.

Upon appeal to the Commission a majority thereof reversed the conclusion of the Hearing Commissioner and ordered resumption of compensation payments and that the claimant report at the employer's expense to a designated Columbia specialist for examination. Appeal therefrom was had to the Court of Common Pleas which reversed the Commission and reinstated the award of the Hearing Commissioner. It was held by the Court, in effect, that the burden was upon claimant to show that the refusal was reasonable, this by medical evidence, and that his statement that he was afraid of the treatment was insufficient to justify his course. However, we do not decide any question of burden of proof, as will be seen.

Claimant's counsel in his appeal to this court argues mainly that the conclusion of the Commission was one of fact which the court cannot disturb under the well known rule that a factual finding of the Commission is conclusive upon the courts if there is supporting evidence. It is contended that claimant's testimony of his information of other cases which resulted disastrously was some evidence to justify his refusal to submit to a spinal puncture,

which is particularly conclusive in this case in the absence of express medical testimony that the recommended procedure is not dangerous. Undoubtedly medical testimony should have been submitted in behalf of claimant and in behalf of the employer on the "issue", if available; it was not and we are confined to the record as it was made in the lower tribunals but we cannot close our eyes to common knowledge. The trial record indicates that counsel were more concerned with the situs of the burden of proof than in a full disclosure of the facts to the Commission, which was the object of the hearing. However, their contentions thereabout need not be determined in order to reach a proper result of this case.

Section 7035-28, Code of 1942, relates to medical ■ and surgical treatment of injured claimants under the compensation law and provides that one refusing such shall be barred of compensation during the period of refusal and none shall be paid which would have otherwise accrued during that time unless in the opinion of the Commission the circumstances justified the refusal. This, as said, refers to treatment rather than examination, which latter is the subject of Code Section 7035-30, and the latter therefore applies to this case. It is specific in its requirement that an injured employee, so long as he claims compensation, shall comply with the requirement of his employer or order of the Commission and submit himself to examination by a duly qualified physician or surgeon, with other now irrelevant conditions. The section then proceeds as follows: "If the employee refuses to submit himself to or in any way obstructs such examination requested by and provided for by the employer, his right to compensation and his right to take or prosecute any proceedings under this article shall be suspended until such refusal or objection ceases, and no compensation shall at any time be payable for the period of compensation, unless in the opinion of the industrial commission the circumstances justify the refusal, or obstruction."

The requirement of this section was found to be mandatory in *Hill v. Skinner,* 195 S. C. 330, 11 S. E. (2d) 386. In that case the award by the Commission of compensation covering the refusal period was reversed by the court upon the ground that there was no evidence to support the implicit finding of the Commission that claimant was justified by the circumstances to refuse examination.

In this case the same course will be followed for lack of credible evidence to support the judgment of the Commission that claimant was justified (on account of unfounded fear of danger) in declining to submit to the simple procedure by which a specimen of his spinal fluid may be extracted for examination. To a layman much of medical science is mystery but not so as to a spinal puncture. The latter term is defined by Webster, Second Edition, New International Dictionary, as follows : "puncture of the subarachnoid space in the lumbar region of the spinal cord with a hypodermic needle to withdraw cerebrospinal fluid." It is common knowledge that it is not at all unusual.

It is apparent from the record that the suspension of compensation payments to claimant really resulted from his unfortunate ignorance and misinformation, but the law cannot be moulded to meet his standard; instead it must be made to fit the traditional average, reasonably prudent man of ordinary courage. However, the way is left open for the resumption of payments if and when claimant submits to this further diagnostic treatment. If a surgical operation is thereafter recommended by the physician, another and different problem will be presented which is not encompassed in this case. It is a troublesome question upon which light is found in the annotations in 6 A. L. R. 1260, 18 A. L. R. 431, 73 A. L. R. 1303 and 105 A. L. R. 1470. A spinal operation of disputed prognosis was the subject of *Gillam v. Workmen's Compensation Appeal Board,* 1937, 118 W. Va. 571, 191 S. E. 204, where it was held that claimant was justified in his refusal to undergo it. A

similar case of like result is *Bethlehem Steel Corporation v. Industrial Accident Comm.*, 1945, 70 Cal. App. (2d) 369, 161 P. (2d) 18, where the diagnosis found by the Commission was a dislocated intervertebral disc. These authorities refer, as does the quotation in appellant's brief from Horovitz's Current Trends in Workmen's Compensation, to major rehabilitory operations with which we are of course not here concerned.

The subject in hand, which is the duty of an injured employee to submit to examination, is treated generally in annotations in 6 A. L. R. 1270 and 41 A. L. R. 866 but no case of parallel facts to this is included.

Judgment affirmed.

BAKER, C.J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.