16071

STRANGE v. HEATH *et al.*

(47 S. E. (2d) 629)

*Mr. Raymon Schwartz,* of Sumter, for Appellants,

Messrs. *George D. Levy* and *A. S. Merrimon,* of Sumter, for Respondent,

April 29, 1948.

TAYLOR, Justice:

The respondent, John Keith Strange, filed claim with the Industrial Commission for compensation under the Workmen's Compensation Act, Code 1942, § 7035-1 et seq., for injuries to his back which are alleged to have arisen out of

and in the course of his employment at A. T. Heath, Distributor of Gulf Oil Company, his employer; Hartford Accident and Indemnity Company being the insurance carrier. The hearing was held before the Single Commissioner November 14, 1945, and his opinion awarding claimant the maximum amount allowed under the South Carolina Workmen's Compensation Act was rendered December 17, 1945. Shortly thereafter, to wit, on December 20, 1945, appellants filed with the Commission application to take further testimoney on the grounds of after-discovered evidence, attaching to the application certain affidavits. This application was opposed by respondent upon grounds set forth in the record. Within due course, application was made by appellants for a review of the findings of the Hearing Commissioner which was heard January 17, 1946, and February 8, 1946, resulting in an affirmance by the majority of the Commission of the award of the Single Commissioner without any reference or any disposition being made of appellants' application to take further testimony on the grounds of after-discovered evidence. Within due course, appellants appealed to the Court of Common Pleas, which resulted in an affirmance of the award by the majority of the Industrial Commission; and appellant now appeals to this Court upon exceptions which raise the following questions:

1. Was respondent injured on July 25, 1945?

2. Did respondent suffer an accident within the meaning of the Workmen's Compensation law?

3. If so, should the award have been for total permanent disability, and when could the question first be raised?

4. Should the application for the taking of further testimony as after-discovered evidence have been passed upon by the Commission, and should the same have been granted?

5. Was there error in refusing to permit the correspondence in connection with the application for the taking of

after-discovered evidence to be printed as a part of the record?

Appellants contend that the notice of the hearing did not contain any date as to the alleged injuries, and that the first information they had that claimant was relying upon injuries alleged to have been received July 25, 1945, to sustain his claim for disability under the Workmen's Compensation Act, was at the hearing before the Single Commissioner; that upon learning same, they checked their records shortly after returning to their place of business in Sumter, South Carolina, which showed, according to their contentions, that claimant worked for a considerable period of time thereafter. Shortly thereafter, they petitioned the Commission to be allowed to present this evidence as after-discovered evidence, as provided by Rule No. 16 of the Commission, and received the following letter in reply:

"Columbia, South Carolina

December 13, 1945

Mr. Raymond Schwartz
Attorney at Law
Law Range
Sumter, South Carolina

Re: Docket No. 6085—John Keith Strange v. A. T. Heath, Distributor

Dear Mr. Schwartz:

This is to acknowledge receipt of your letter of December 5, 1945, in which you refer to taking further testimony under Rule 16 in the event the above named case is appealed. As stated by you the single commissioner has not issued his opinion and award and our letter is to advise you that the contents of your letter have been noted and will be shown the commissioners at the proper time.

As requested by you we are enclosing a new Form 30, Application for Review. If we can be of assistance to you at any time, please advise.

Yours very truly,

South Carolina Industrial Commission,
L. L. McKenzie, Secretary

LLMcK:hh

CC: Mr. George D. Levy

Attorney at Law

Sumter, South Carolina

Encl. 8"

After considerable correspondence, the following letter was received by appellants from the Commission:

"Columbia, South Carolina
January 3, 1946

Mr. Raymond Schwartz

Attorney at Law

Law Range

Sumter, South Carolina

Re: Docket No. 6085, I. C. File No. 4555772, John Keith Strange v. A. T. Heath, Distributor.

Dear Sir:

This is to acknowledge receipt of your letter of Dec. 31, 1945, with reference to your petition for the taking of further testimony in the above named case. For your information, your petition has not been acted upon by the Full Commission. It was my intention to take it before them tomorrow or Friday, which are days for our regular Full Commission meeting. In cases of this kind where applications have been made to take after-discovered evidence, this matter is usually discussed with the Full Commission on the day that it is to be argued before them on appeal; therefore, I do not believe that they will take action until it is brought before them by

you on January 17, 1946, although they will have knowledge that you have made your petition.

In taking it before them at that time it will give all parties an opportunity to present their sides. I would suggest that you have available the witnesses and the records in the event the Full Commission should grant your request. If the Full Commission should take any action this week when your petition is presented to them I will be glad to notify you of their decision.

Yours very truly,

South Carolina Industrial Commission,
L. L. McKenzie, Secretary

LLMcK :hh

CC: Mr. George D. Levy
Attorney at Law
Sumter, South Carolina"

At the time of the review by the Full Commission on January 17, appellant had witnesses, and the records alluded to, available; but according to the record no disposition was ever made of the matter; in fact, it is not so contended. The respondent taking the position that inasmuch as it was the duty of the Commission to do so, they will be presumed to have *considered* it. Upon appeal to the Circuit Court, His Honor, the Presiding Judge, overruled this exception on the grounds that "It was the duty of the Commission to consider the application, and the presumption is that it did so," which is correct, but this presumption is a rebuttable one. Attached to respondent's petition for a rehearing, as a result of this Court's previous opinion reported in Westbrook's Opinions, dated November 15, 1947, which is hereby withdrawn, was a statement by the Vice-Chairman of the Industrial Commission to the effect that all such applications are duly considered, but no formal order is passed and no announcement made relative thereto unless the petition be granted. It is true that the In-

dustrial Commission, being a quasi judicial body, is allowed a wide latitude in its procedure, but such a petition could conceivably be a very vital element of the case, and one or both parties might wish to appeal from the ruling of the Commission thereon. It was the duty of the Commission to dispose of this petition in such a manner as to preserve the rights of all parties. Rule 16 of the Commission, South Carolina Code for 1942, Section 7035-57 provides that: "When, in the discretion of the commission, additional evidence is necessary for the completion of the record in a case on review, the full commission will, in its discretion, order the taking of such evidence before one commissioner. When either the employer or employee seeks to introduce new evidence at a review, application must be made for the introduction of new evidence  *  *  *  the law of South Carolina as to the nature and character of evidence required for the granting of new trials, will be applied by the South Carolina industrial commission before new evidence can be introduced in a review by the full commission. No oral arguments will be heard by the commission on such application, *and the commission will act upon such application prior to hearing on appeal.*" Emphasis added.

The Commission should have acted upon the petition and apprised all parties of its ruling prior to hearing the appeal, and not having done so, it was error; however, this Court intimates no opinion as to whether the petition should have been granted or refused as this is a question to be determined by this Court only upon appeal.

In view of the necessity of this case being remanded to the Industrial Commission for the purposes of passing upon the application of appellant to be permitted to introduce after-discovered evidence, and in the further view of the probable necessity of this Court passing upon the other questions after the record is complete, this Court intimates no opinion whatever upon the other exceptions in this appeal.

For the foregoing reasons, this Court is of the opinion that the case should be remanded to the Circuit Court from whence it came, with instructions that it in turn be remanded to the Industrial Commission for the purpose of an adjudication of appellants' application, to be permitted to introduce after-discovered evidence; and it is so ordered.

Reversed and remanded.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.