16563

CORD v. E. H. HINES CONST. CO. *ET AL.*

(67 S. E. (2d) 677)

*Messrs. Mitchell & Horlbeck,* of Charleston, *for Appellants,*

*Mr. J. D. Parler,* of St. George, *for Respondent,*

*Messrs. Mitchell & Horlbeck,* of Charleston, *for Appellants, in Reply,*

November 14, 1951.

STUKES, Justice.

The respondent, who is a workmen's compensation claimant, suffered an accidental electric shock while on the job on June 15, 1949, which rendered him unconscious for about half an hour. At the time of the hearing at St. George on Dec. 9, 1949, he had not been able to return to work, according to his testimony and that of his father with whom he lived. Compensation for temporary total disability was being paid at the time of the hearing and, presumably, still is.

At the opening of the hearing counsel for claimant requested that it be "held over for medical," due, quoting further from the record, "to the inability of the doctor to be here this afternoon." There was no objection and the Hearing Commissioner agreed. After claimant and his father had testified, Dr. D. J. Owens, a physician at St. George, was called as a witness by the defendants, which are the employer and the insurance carrier and are appellants here. He saw the employee about half an hour after the accident when he was just regaining consciousness and treated him afterward for three or four weeks and certified on July 10th that he was able to return to work, there remaining only the symptom of nervousness. The witness had also examined claimant during the week before the hearing and treated him for a broken rib which resulted from a fight. The witness was of the opinion from his examination with a stethoscope, without an electro-cardiogram, that there is now nothing wrong with the condition of claimant's heart, which was affected immediately after the injury. There was complaint of dizziness for which the witness could not account. The blood pressure was normal.

Upon completion of the foregoing testimony appellants' counsel made a motion to have claimant go to nearby Charleston for examination by a specialist, whom he did not then name, and to secure a cardiogram, stating that the case was held open for claimant. Thereupon and without expression from claimant or his counsel, the Commissioner said, "I will take your motion under advisement and let you know." Promptly thereafter, on Dec. 12, counsel wrote the Commissioner requesting that claimant submit himself to Dr. Chamberlain, of the State Medical College at Charleston, for examination, which was refused by order which will be hereinafter quoted. The propriety of it is challenged by the appeal.

Subsequent hearing on the claim was held by the Commissioner on Jan. 7, 1950, at North Charleston, the home of Dr. H. D. Herring, who testied for claimant that he had

examined the latter on three occasions for the purpose of testifying, the last being on Dec. 8, 1949; and had a cardiogram made at Roper Hospital, Charleston, which he interpreted but did not produce. He testified at length that there is a heart lesion and obstruction to the control mechanism which causes the heart to beat too slow, evidenced by extremely low pulse and blood pressure, which the witness opines is due to the electrical shock and that claimant is totally disabled for life.

Under date of Dec. 28, 1949, the Commissioner issued an order in which the fact of the first hearing on Dec. 9th was recited and that at the close of it the defendants moved that the claimant be referred to Dr. O. B. Chamberlain of Charleston which was by the order refused, as follows: "It is ordered that the defendants' motion that the claimant be examined by Dr. Chamberlain of Charleston, South Carolina, be and the same is hereby denied due to the fact that the defendants had ample opportunity to have this claimant examined by any doctor of their own choice before the hearing, and further, that the motion was not made at the beginning of the hearing."

Appellants applied to the Commission for review of the order and invoked the provisions of Code Section 7035-30, which is in first part as follows: "After an inquiry, and so long as he claims compensation, the employee, if so requested by his employer or ordered by the industrial commission, shall submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the industrial commission." Hearing on the application for review was held by the Commission on Feb. 7, 1950, and resulted in the filing of an order, entitled *"Award,"* dated Feb. 23, 1950, whereby the appeal was denied and the order of the Commissioner affirmed.

The defendants appealed to the Court of Common Pleas which affirmed the Commission substantially upon the grounds that the matter was within the discretion of the

Commission which was not abused and that the defendants had not acted with due diligence. In our view, the first ground is contrary to the terms of the statute and the second was not supported by the facts. Lack of diligence here implies delay which it is clearly apparent would not have resulted if the Commissioner had at once or with reasonable promptness granted appellants' motion for examination. The result of such an examination should have been available at the very hearing which was held four weeks afterward to receive claimant's medical evidence. Consideration of the chronology leaves no doubt of the reasonableness of this conclusion.

It is readily agreed that the Commission possesses and may exercise a proper measure of discretion in the administration of the quoted section of the law; but it is manifest that there was, instead, in this instance arbitrary action, to appellants' prejudice, which amounted to an abuse of discretion, therefore error of law.

The testimony before the Commissioner was not taken in regular order. Instead of production by claimant (who bore the burden of proof) of his medical evidence at the first hearing, only the physician who treated claimant for the injury was called by appellants out of order, and the hearing held open for later resumption and the reception of medical evidence in behalf of claimant. Meanwhile there was pending the motion by appellants for examination by a specialist under Code Section 7035-30. Despite the subsequent taking of claimant's medical testimony at the convenience of his expert witness, the Commissioner refused appellants' motion, which was error because it was, at best, an abuse of discretion. The evidence should not have, in fairness, been closed at that stage in view of appellants' prior motion which was made pursuant to the statute. The importance of the latter was pointed out, and it was held to be controlling in, *Hill v. Skinner*, 195 S. C. 330, 11 S. E. (2d) 386, and *Wardlaw v. J. G. Ridgeway Const. Co.*, 212 S. C. 116, 46 S. E. (2d) 662. Incidentally,

there is another pertinent section of the statutes which has not been invoked in this case. It is 7035-66, in part as follows: "The commission or any member thereof may, upon the application of either party, or upon its own motion, appoint a disinterested and duly qualified physician or surgeon to make any necessary medical examination of the employee, and to testify in respect thereto."

In his brief upon the appeal to this court respondent questions for the first time the jurisdiction of the court to consider the appeal because there has been no *award* by the Commission, wherefore it is argued that the appeal should be dismissed as premature, which we think is untenable. The situation may be accurately likened to an appeal in a law action from an intermediate order, prior to final judgment but nevertheless affecting the merits and therefore appealable before final judgment. Section 26 (D), Code of 1942.

Sec. 7035-63 provides for appeals to the court in compensation cases quoting "from the decision of said commission * * * for errors of law under the same * * * conditions as govern appeals in ordinary civil actions." We do not think that it can be successfully contended that appellants were not deprived of a substantial right in presenting their defense to liability. The applicability of the general statutes relating to appeals from the Court of Common Pleas to this court in matters originating before the Industrial Commission was established in *McDonald v. Palmetto Theaters,* 196 S. C. 38, 11 S. E. (2d) 444.

The decision just cited also shows that the thirty-day limit of stay or supersedeas, which is provided by Sec. 7035-63, applies to appeals from the Commission to the Court of Common Pleas; and it appears to have been ignored in this case by the inaction of all concerned. More than a year elapsed between the certification of the appeal to the court and the order of the latter thereupon, and meanwhile there was, in fact and by apparent common consent, a stay of the proceeding.

The point now belatedly made by respondent was included in appellants' "Notice and Grounds of Appeal" to the Court of Common Pleas, the last paragraph of which follows: "You will please take further notice that the said Appeal will not be perfected at this time but in like manner as appeals from intermediate or interlocutory Orders in the Court of Common Pleas upon Appeal from final judgment, will be perfected and urged upon, and at the time with, Appeal from final Award and final judgment of the South Carolina Industrial Commission herein when the same shall have been entered and counsel for Defendants notified thereof." However, the Commission certified the appeal to the court on Mar. 7, 1950. The record is silent as to who finally called up the appeal, although appellants say in their reply brief that respondent did, and neither party objected to the consideration of it by the court. We think that, in any view, respondent is now bound by the procedure which was followed.

Of course, this judgment does not relate in any way to the merits of the claim which is pending before the Commission.

The orders of the Commission and of the court, from which the appeals were taken, are reversed; and the proceeding is remanded to the court which will, in turn; remand it to the Commission for action consonant with the views herein expressed.

Reversed and remanded.

BAKER, C. J., and FISHBURNE, TAYLOR, and OXNER, JJ., concur.