## 17056

**ESTHER H. CHASTAIN, Respondent, v. SPARTAN MILLS and LIBERTY MUTUAL INSURANCE COMPANY, Appellants**
(88 S. E. (2d) 836)

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellants,*

*E. W. Johnson, Esq.,* of Spartanburg, *for Respondent,*

August 22, 1955.

LEGGE, Justice.

Respondent, an employee of appellant Spartan Mills, sustained an injury on January 20, 1951, by accident arising out of and in the course of her employment. Agreement for the payment of compensation under the provisions of the Workmen's Compensation Law, Code 1952, § 72-1 *et seq.,* was entered into, and she was paid compensation for temporary total disability from January 20, 1951, to January 26, 1953, at her compensable rate. Appellant insurance carrier also paid for her medical expenses in the amount of $1,126.95. On or about January 26, 1953, a controversy having arisen between respondent and appellants as to her right to compensation and medical treatment, she applied to the Industrial Commission for a hearing, which was in due course held by Commissioner Faith Clayton at Spartanburg, S. C., on May 6, 1953. At this hearing appellants denied that respondent was entitled to further compensation benefits and contended that she had been overpaid to the extent of payments made to her during a period in which she was not disabled as the result of her said injury. Upon the conclusion of the testimony on behalf of respondent, appellants moved that the claim be dismissed upon the ground that respondent had failed to establish that her existing disability was the result of the accident. The Hearing Commissioner took the motion under advisement, and on December 23, 1953, issued her opinion and award denying all further claims on the part of respondent and dismissing the case. Respondent having applied in due time to the Full Commission for review, the matter came on to be heard

on February 24, 1954, before the Full Commission, which on June 10, 1954, issued the following order:

"This matter was heard before Commissioner Faith Clayton at Spartanburg, South Carolina, on May 6, 1953, and on December 23, 1953, Commissioner Clayton issued the following Award: 'It is ordered, that all further claims on the part of the claimant for compensation, medical attention or other benefits under the Workmen's Compensation Act, beyond those already paid and furnished, are denied, this case dismissed and the defendants authorized to close their file, and the Commission's file ordered closed'.

"This matter was heard before the Full Commission on February 24, 1954, and after hearing able argument of counsel for both parties in interest and after careful consideration of all the evidence in the case, it is the opinion of this Commissioner that this case should be remanded back to the Single Hearing Commissioner for additional testimony as we feel the case is not complete and no harm to either party will be done by having all issues heard in open court. Therefore, it is ordered that this Award of the Single Commissioner, filed December 23, 1953, is hereby reversed and remanded back to the Hearing Commissioner to take further testimony with regards to the merits of the claimant's claim.

South Carolina Industrial Commission

John W. Duncan, Commissioner

Concur:

Commissioner James J. Reid
Commissioner Henry C. Walker

Dissent:

Commissioner Faith Clayton
Commissioner H. B. Hare"

On appeal to the Court of Common Pleas, this order was affirmed by order of the Honorable Bruce Littlejohn, Judge of the Seventh Circuit, dated September 25, 1954. The present appeal is from Judge Littlejohn's order.

We are confronted, in limine, with the question whether the Commission's order of June 10, 1954, was appealable. If it was not, or if the appeal from it was premature, Judge Littlejohn was without jurisdiction, and likewise this court has no jurisdiction except for the purpose of dismissal.

Section 72-356 of the 1952 Code provides that appeals from decisions of the Full Commission to the Court of Common Pleas shall be "under the same terms and conditions as govern appeals in ordinary civil actions". Construing this section, we held, by necessary implication, in *Cord v. E. H. Hines Construction Co.*, 220 S. C. 356, 67 S. E. (2d) 677, that appeal to the Court of Common Pleas will not lie from an interlocutory order of the Commission unless such order affects the merits. Such, indeed, appears to be the universal rule.

"There is such a thing in compensation procedure as completely unreviewable matters, just as there is in ordinary judicial procedure, as in the case of interlocutory decisions that are unreviewable for lack of finality, or incidental decisions that involve details committed to the absolute discretion of the lower tribunal". Larsen's Workmen's Compensation Law, Vol. 2, Sec. 80.10, p. 319.

"Courts are reluctant to interfere with administrative action prior to its completion and in this sense not final. This reluctance has found expression in the manner in which courts construe constitutional provisions to limit the availability of judicial review of administrative action, in rules developed by the courts apart from any constitutional necessity, such as the doctrine of exhaustion of administrative remedies, and in a general requirement of final administrative action as a prerequisite to judicial review". 42 Am. Jur., Public Administrative Law, Sec. 194, p. 573.

"The usual requirement of finality of the decision sought to be appealed from or reviewed is applicable, ordinarily, in compensation cases". 58 Am. Jur., Workmen's Compensation, Sec. 525, p. 900.

For example, there have been held unappealable because lacking finality:

An order of the industrial commission allowing a claimant to amend his claim, *Big Vein Coal Co. of Lonaconing v. Leasure,* 1949, 192 Md. 435, 64 A. (2d) 563;

An order vacating the order of the trial commissioner denying compensation, and holding the case in abeyance for later determination of disability, *Armour & Co. v. Moore,* Okl. 1951, 240 P. (2d) 1113;

An order granting both parties the right to take further testimony, *Owen v. Cope Swift Foundry Co.,* 1938, 286 Mich. 601, 282 N. W. 836;

An order setting aside the examiner's findings and award and ordering the matter scheduled for further hearing, *Schneider Fuel & Supply Co. v. Industrial Commission,* 1937, 224 Wis. 298, 272 N. W. 25; *Berg v. Industrial Commission,* 1940, 236 Wis. 172, 294 N. W. 506;

An order of the industrial commission granting claimant's petition for introduction of further evidence, *Southern Surety Co. of New York v. Elliott,* 1931, 44 Ga. App. 376, 161 S. E. 679; and

An order of the compensation appeal board remanding a compensation case to the commissioner for further development of proof, *Glenn v. State Compensation Comm.,* 1937, 118 W. Va. 203, 189 S. E. 705.

In the case at bar, the Commission's order of June 10, 1954, is not a final one. It neither allows nor denies compensation. Nor does it affect the merits. It is, therefore, not appealable prior to the Commission's final determination of its review of the Hearing Commissioner's award. Our holding in that regard does not conflict with *In re Crawford,* 205 S. C. 72, 30 S. E. (2d) 841, which involved the power of the Full Commission to grant a rehearing after it had made its award; or with *Strange v. Heath,* 212 S. C. 274, 47 S. E. (2d) 629, where the Full Commission had made its award without having

disposed of appellant's application to take further testimony; or with *Cord v. E. H. Hines Construction Co., supra,* where an order of the Full Commission affirming an order of the Hearing Commissioner denying appellants' motion for medical examination of the claimant was held to have deprived appellants of a substantial right in presenting their defense.

That the appealability of the order of June 10, 1954, has not been questioned or discussed by either party is of no consequence. The order not being either a final one or an intermediate one affecting the merits or depriving appellants of a substantial right, the circuit court was without jurisdiction, in that state of the proceeding, to consider the appeal on its merits.

The appeal is dismissed and the cause remanded to the Court of Common Pleas for Spartanburg County, which will, in turn, remand it to the Commission for action conformable to the views herein expressed.

STUKES, TAYLOR and OXNER, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.