MARYLAND COMMISSION ON HUMAN RELATIONS

*v.* BETHLEHEM STEEL CORPORATION

[No. 25, September Term, 1982.]

*Decided March 29, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Risselle Rosenthal Fleisher, General Counsel,* with whom was *Philip L. Marcus, Associate General Counsel,* on the brief, for appellant.

*Douglas D. Connah, Jr.,* with whom were *Venable, Baetjer & Howard* on the brief, for appellee.

*Amicus curiae* brief of Llewellyn B. Wakeman filed by *Charles J. Wargo.*

DAVIDSON, J., delivered the opinion of the Court.

This case presents a question concerning the doctrine of exhaustion of statutorily prescribed administrative and judicial remedies. More particularly, the question is whether a party may have recourse to a court without exhausting statutorily prescribed administrative proceedings and judicial review if the principal question presented before the agency concerns the interpretation of an agency rule.

On 12 December 1977, Llewellyn Wakeman (Wakeman) filed a complaint with the petitioner, the Maryland Commission on Human Relations (Commission), alleging that the respondent, Bethlehem Steel Corporation (Bethlehem), had illegally discriminated against him by forcing him to retire at the age of 65.[1] On 16 July 1979, after an investigation, the

---

1. Md. Code (1957, 1979 Repl. Vol.), Art. 49B, § 16 (a) (1) provides in pertinent part:

> "(a) *It shall be an unlawful employment practice for an employer:*
> "(1) To fail or refuse to hire or to discharge any individual, or otherwise *to discriminate against any individual* with respect to his compensation, terms, conditions, or privilege of employment,

Commission issued a "Written Finding" that there was "no probable cause" to believe that Bethlehem had engaged in an illegal employment practice and dismissed the complaint. Within 30 days, Wakeman requested that the Commission reconsider its dismissal. This request was made pursuant to the Code of Maryland Regulations 14.03.01.05B that provides that an application for reconsideration "shall be filed within 30 days" of a Commission finding of "no probable cause." [2] After Wakeman's application for reconsideration was denied, he appealed to the Baltimore City Court (now Circuit Court for Baltimore City). On 25 June 1980, that Court determined that a Commission finding of "no probable cause" was not a final, appealable order,[3] and dismissed the appeal.[4]

On 1 July 1980, five days after the trial court's adverse ruling, and almost a year after the Commission's finding of "no probable cause," Wakeman once again requested the

---

*because of such individual's* race, color, religion, sex, *age,* national origin, marital status, or physical or mental handicap. . . ." (Emphasis added.)

**2.** COMAR 14.03.01.05B provides in pertinent part:

"If the findings conclude that there is no probable cause to believe that a discriminatory act has been or is being committed, the complainant shall be given the opportunity to apply to the Commission's Executive Director for *reconsideration of the administrative dismissal* of the complaint. These applications shall be in writing, with notice to the respondent, shall state specifically the grounds upon which it is based, *and shall be filed within 30 days* from the date on which these findings were mailed or delivered to the complainant. When this application is made, the Executive Director shall review the entire file, and, in his discretion, shall grant or deny the application for reconsideration." (Emphasis added.)

**3.** Effective 1 July 1982, 1982 Md. Laws, ch. 129 amended Art. 49B, § 10 to add subsection (d). Md. Code (1957, 1979 Repl. Vol., 1982 Cum.Supp.), Art. 49B, § 10 (d) provides in pertinent part:

"(d) A denial of the request for reconsideration of a finding of no probable cause by the Commission is a final order appealable to the circuit court as provided in § 255 of Article 41 of this Code. . . ."

**4.** The Court of Special Appeals, in an unreported opinion, affirmed the judgment of the trial court. Wakeman v. Bethlehem Steel Corp., (No. 1148, September Term, 1980, filed 28 April 1981).

Commission to reconsider its dismissal. In a letter dated 15 August 1980, the Executive Director determined that "discretion to reconsider may be inferred from COMAR 14.03.01.05," and granted Wakeman's application for reconsideration of the Commission's finding of "no probable cause." On 2 September 1980, the Commission issued an "Amended Written Finding" that stated that there was "probable cause to believe [Bethlehem] discriminated against [Wakeman] and similarly situated employees. . . ."

On 2 September 1980, before a hearing had been held by a hearing examiner, Bethlehem, pursuant to Maryland Rules, Chapter 1100, Subtitle K Certiorari, Rules K 41 through K 48, filed a petition for a writ of certiorari in the Baltimore City Court. In its petition, Bethlehem alleged, among other things, that the Commission had violated its rules and exceeded its jurisdiction by granting an application for reconsideration filed more than 30 days after its initial finding of "no probable cause." The Commission sought dismissal on the grounds, among others, that Bethlehem had not exhausted its statutorily prescribed administrative and judicial remedies.

On 9 April 1981, the trial court issued a writ of certiorari to the Commission to "review [the Commission's] jurisdiction to hold further proceedings" in the administrative proceeding against Bethlehem. In addition, the trial court ordered the Commission to "hold no further proceedings in the matter pending [the trial court's] review."

The Commission appealed to the Court of Special Appeals.[5] That Court determined that the trial court "did not rule on the jurisdictional questions but only on the proce-

---

5. Md. Code (1974, 1980 Repl. Vol.) § 12-303 of the Courts and Judicial Proceedings Article provides in pertinent part:

"A party may appeal from any of the following interlocutory orders. . . .

. . .

"(c) An order:
"(1) Granting or dissolving an injunction. . . ."

dural one of whether to issue the writ under K 47." [6] That Court further found that the issue before it was "not the jurisdiction of the Baltimore City Court but whether that court abused its discretion in issuing the Writ of Certiorari in this case." That Court held "that the issuance of the writ is authorized by the K Rules and that the lower court did not abuse its discretion." The Court of Special Appeals affirmed the judgment of the trial court. *Maryland Commission on Human Relations v. Bethlehem Steel Corp.*, 50 Md. App. 647, 439 A.2d 1124 (1982).

The Commission filed a petition for a writ of certiorari that we granted. For reasons we shall later explain, we shall reverse the judgment of the Court of Special Appeals without considering the questions that that Court determined.

Maryland Code, Art. 49B, §§ 10 and 11 establish that if the Commission's staff finds probable cause to believe that a discriminatory act or acts have been committed, and if no agreement is reached for the elimination of the alleged discriminatory acts, a case is to be set for a hearing before a hearing examiner who is to render a decision.[7] Article 49B,

---

6. Md. Rule K 47 provides:

"Upon the return of the writ and the receipt of the record certified, the court issuing the writ shall determine its own jurisdiction and the jurisdiction and validity of the proceedings of the inferior tribunal."

7. Md. Code (1957, 1979 Repl.Vol., 1982 Cum.Supp.), Art. 49B, § 10 provides in pertinent part:

"(a) After the filing of any complaint the executive director shall consider the complaint and shall refer it to the Commission's staff for prompt investigation and ascertainment of the facts. The results of the investigation shall be made as written findings.

"(b) If the finding is that there is probable cause for believing a discriminatory act has been or is being committed within the scope of any of these subtitles, the Commission's staff immediately shall endeavor to eliminate the discrimination by conference, conciliation, and persuasion. . . .

"(c) If an agreement is reached for the elimination of the discrimination as a result of the conference, conciliation and persuasion the agreement shall be reduced to writing and signed by the respondent, and an order shall be entered by the Commission setting forth the terms of the agreement."

§ 3 (d) establishes that a party affected by a hearing examiner's decision may appeal to an "appellate panel of commissioners." [8] Finally, Art. 49B, § 12 (a) and Art. 41, § 255 (a) establish that either the Commission or an aggrieved party may file an action for judicial review.[9] *Maryland Comm'n on Human Relations v. Mass Transit Admin.*, 294 Md. 225, 230, 449 A.2d 385, 387 (1982).

---

Md. Code (1957, 1979 Repl.Vol.), Art. 49B, § 11 provides in pertinent part:

"(a) ... In case of failure to reach an agreement for the elimination of the acts of discrimination and upon the entry of findings to that effect ... [t]he chairman shall cause a written notice to be issued ... requiring the respondent to answer the charges of the complaint at a public hearing before a hearing examiner. ...

"*The case shall thereupon be heard by a hearing examiner. ... *"

. . .

"(e) ... If upon all the evidence, the hearing examiner finds that the respondent has engaged in any discriminatory act within the scope of any of these subtitles, the hearing examiner shall so state the findings. The hearing examiner shall issue and cause to be served upon the respondent an order requiring the respondent to cease and desist from the discriminatory acts and to take affirmative action to effectuate the purposes of the particular subtitle." (Emphasis added.)

**8.** Md. Code (1957, 1979 Repl. Vol., 1982 Cum.Supp.), Art. 49B, § 3 (d) provides:

"(d) The commissioners, in addition to their other duties, shall serve as an appeal board for the review of decisions of the hearing examiner. The appellate panel of commissioners, as determined by the rules of procedure of the Commission, may allow any party affected by the examiner's decision to introduce additional relevant testimony or evidence at the time of an appeal from the hearing examiner."

**9.** Md. Code (1957, 1979 Repl.Vol.), Art. 49B, § 12 (a) provides in pertinent part:

"(a) If any respondent refuses to comply with an order of the Commission made within the scope of any of these subtitles, *the Commission may,* represented by its general counsel, *institute litigation* in the appropriate equity court of the county or in Baltimore City where the alleged discrimination took place to enforce compliance with any of the provisions of this article."

Md. Code (1957, 1982 Repl.Vol.), Art. 41, § 255 (a) provides in pertinent part:

"(a) ... *Any party aggrieved* by a final decision in a contested case, whether such decision is affirmative or negative in form, *is entitled to judicial review* thereof under this subtitle." (Emphasis added.)

Here, Bethlehem's recourse to the trial court precluded Wakeman's complaint of discrimination from being heard by a hearing examiner. As a result, the statutorily prescribed administrative and judicial remedies were not exhausted.

This Court has firmly adhered to the principle that statutorily prescribed administrative and judicial remedies must ordinarily be pursued and exhausted. This principle is not only a requirement of our case law, it is a policy embodied in various enactments of the General Assembly. Although this Court has recognized a few limited exceptions to the exhaustion doctrine, it has consistently reiterated that statutorily prescribed administrative and judicial remedies ordinarily must be exhausted if the question presented before an agency concerns the interpretation of a statute. *Mass Transit Admin.*, 294 Md. at 230-32, 449 A.2d at 387-88; *Soley v. State of Maryland Comm'n on Human Relations*, 277 Md. 521, 527-28, 356 A.2d 254, 258 (1976). Thus, in *Maryland Commission on Human Relations v. Mass Transit Administration*, 294 Md. 225, 449 A.2d 385 (1982), we said:

> "This Court has consistently held that *statutorily prescribed administrative and judicial review remedies must be exhausted in cases involving the interpretation of statutory language.* Moreover, to hold that the existence of a statutory interpretation issue furnishes an excuse to abort the administrative proceedings before a final agency decision, would also be inconsistent with the principle that the agency's construction of a statute which it administers is entitled to weight." *Mass Transit Admin.*, 294 Md. at 233, 449 A.2d at 389 (citations omitted) (emphasis added).

There is no reason why the principle that statutorily prescribed administrative and judicial remedies must be exhausted should not apply if the principal question presented before an agency concerns the interpretation of an agency rule. This Court has recognized that the interpreta-

tion of an agency rule is governed by the same principles that govern the interpretation of a statute. *See, e.g., Dorsey v. Beads,* 288 Md. 161, 176, 416 A.2d 739, 747 (1980); *Messitte v. Colonial Mortgage Serv. Co. Assocs., Inc.,* 287 Md. 289, 293, 411 A.2d 1051, 1053 (1980). More important, agency rules are designed to serve the specific needs of the agency, are promulgated by the agency, and are utilized on a day-to-day basis by the agency. A question concerning the interpretation of an agency's rule is as central to its operation as an interpretation of the agency's governing statute. Because an agency is best able to discern its intent in promulgating a regulation, the agency's expertise is more pertinent to the interpretation of an agency's rule than to the interpretation of its governing statute. Finally, to hold that the existence of an issue of interpretation of an agency rule furnishes an excuse to abort the administrative proceedings before a final agency decision, would be inconsistent with the principle that the agency's construction of its rule is entitled to weight. *See, e.g., United States v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 2155 (1977) (controlling weight unless plainly erroneous or inconsistent with the regulation); *Rose v. Commercial Fisheries Entry Comm'n,* 647 P.2d 154, 161 (Alaska 1982) (deference); *Van Pelt v. State Bd. for Community Colleges & Occupational Educ.,* 195 Colo. 316, 323, 577 P.2d 765, 770 (1978) (great weight); *Walters v. Petrolane-Northeast Gas Serv., Inc.,* 425 A.2d 968, 972 (Me. 1981) (great weight); *Purity Supreme, Inc. v. Attorney General,* 1980 Mass.Adv.Sh.1349, 407 N.E.2d 297, 310 (1980) (deference); *Colburn v. Personnel Comm'n,* 118 N.H. 60, 63-64, 382 A.2d 907, 909 (1978) (binding); *Matter of Roosevelt Hosp. v. New York State Labor Relations Bd.,* 27 N.Y.2d 25, 34, 261 N.E.2d 378, 381, 313 N.Y.S.2d 369, 374 (1970) (controlling weight); *Bell v. Phillips Petroleum Co.,* 641 P.2d 1115, 1121-22 (Okla. 1982) (controlling weight); *Concerned Parents of Stepchildren v. Mitchell,* 645 P.2d 629, 633 (Utah 1982) (deference); *In re Brooks,* 130 Vt. 83, 85-86, 286 A.2d 279, 281 (1971) (great weight); *Washington State Liquor Control Bd. v. Washington State Personnel Bd.,* 88 Wash.2d

368, 379, 561 P.2d 195, 201 (1977) (great weight); *Beal v. First Fed. Sav. & Loan Ass'n of Madison,* 90 Wis.2d 171, 183, 279 N.W.2d 693, 698 (1979) (controlling weight). Accordingly, we now hold that in cases involving the interpretation of an agency rule, as in cases involving the interpretation of a statute, statutorily prescribed administrative and judicial remedies ordinarily must be exhausted.

Relying upon *Prince George's County v. Blumberg,* 288 Md. 275, 418 A.2d 1155 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869 (1981), Bethlehem contends that the doctrine of exhaustion of statutorily prescribed administrative and judicial remedies does not apply:

    (1) "[w]hen the object of, as well as the issues presented by, a judicial proceeding only tangentially or incidentally concern matters which the administrative agency was legislatively created to solve, and do not, in any meaningful way, call for or involve applications of its expertise" and

    (2) "when an agency requires a party to follow, in a manner and to a degree that is significant, an unauthorized procedure." *Blumberg,* 288 Md. at 285, 418 A.2d at 1161.[10]

Bethlehem maintains that the first exception is applicable here because the question presented before the Commission

---

**10.** The question whether a viable "unauthorized procedure" exception to the doctrine of exhaustion of remedies exists, was not raised in the trial court and, therefore, is not considered here. We note, however, that this exception is dicta in *Blumberg,* 288 Md. at 285, 418 A.2d at 1161, and is supported by the citation of only one case, *Stark v. State Bd. of Registration,* 179 Md. 276, 284, 19 A.2d 716, 720 (1941). The exception mentioned in *Stark* is also dicta. Moreover, in *Soley v. State of Maryland Comm'n on Human Relations,* 277 Md. 521, 528, 356 A.2d 254, 258 (1976), this Court expressly disavowed the dicta appearing in *Stark,* stating that it had been "deprived of any vitality it may have possessed by the subsequent adoption of the Administrative Procedure Act," that provides for judicial review of final agency decisions that are alleged to be the result of an "excess of [the agency's] statutory authority or jurisdiction" or an "unlawful procedure." Md. Code (1957, 1982 Repl.Vol.), Art. 41, § 255 (f). *Soley* has been cited with approval in *Mass Transit Admin.,* 294 Md. at 233-35, 449 A.2d at 389-90.

concerned its jurisdiction, a matter that can more appropriately be determined by a court than by an agency. Additionally, Bethlehem maintains that the second exception is applicable here because, as a result of its misinterpretation of an agency rule, the Commission violated that rule, exceeded its jurisdiction, and required Bethlehem to engage in an unauthorized procedure.

Similar contentions were considered by this Court in *Mass Transit Administration.* There, this Court observed:

> "The MTA in the present case has couched the statutory interpretation issue in terms of the Commission's 'authority' or 'power' or 'jurisdiction,' and has charged that the Commission is attempting to 'expand' its jurisdiction and proceed in an unauthorized manner. Nevertheless, many, if not most, statutory interpretation issues arising in administrative proceedings could be phrased in terms of the agency's 'authority,' 'power' or 'jurisdiction' to take a certain type of action in a specific case. *A party's argument that an agency will be exceeding its authority if it ultimately interprets the statute and decides the case contrary to that party's position, does not excuse the failure to await a final agency decision.*" *Mass Transit Admin.,* 294 Md. at 233, 449 A.2d at 389 (emphasis added).

Here, Bethlehem has couched the question presented before the agency in terms of the Commission's "authority," "power," or "jurisdiction" and has asserted that the agency has exceeded its prescribed powers and has proceeded in an unauthorized manner. However, because the Commission concededly has jurisdiction over cases of employment discrimination based upon age, there is no jurisdictional question here. Rather, the principal question presented before the agency concerns the interpretation of an agency rule — whether a requirement that an application for reconsideration of a finding of "no probable cause" "shall be filed within 30 days" is mandatory or permissive. Such a

question ordinarily is and should be finally determined by the agency before recourse to the courts. *See, e.g., American Farm Lines v. Black Ball Freight Serv.,* 397 U.S. 532, 538-39, 90 S.Ct. 1288, 1292 (1970); *Williams v. McHugh,* 51 Md.App. 570, 573, 444 A.2d 475, 477 (1982); *Board of Educ. of Anne Arundel County v. Barbano,* 45 Md.App. 27, 42, 411 A.2d 124, 131 (1980); *Hopkins v. Maryland Inmate Grievance Comm'n,* 40 Md. App. 329, 330-31, 391 A.2d 1213, 1214 (1978), *cert. dismissed,* 285 Md. 120 (1979); *see also e.g., United States v. Caceres,* 440 U.S. 741, 752, 99 S.Ct. 1465, 1472 (1979). Ordinarily, when such a question is at issue, none of the exceptions to the doctrine of exhaustion of statutorily prescribed administrative and judicial remedies, including those relied upon by Bethlehem, applies.

Here Bethlehem is required to exhaust its statutorily prescribed administrative and judicial remedies. Its recourse to the trial court before a final agency determination was improper. Under these circumstances, the questions whether the trial court had asserted jurisdiction by issuing the writ of certiorari, or had abused its discretion in issuing that writ, considered by the Court of Special Appeals, are irrelevant. Accordingly, we shall reverse the judgment of the Court of Special Appeals without considering the questions determined by that Court.

> *Judgment of the Court of Special Appeals reversed.*
> *Case remanded to that Court with instructions to vacate the order of the Baltimore City Court (now Circuit Court for Baltimore City) and to remand the case to the Circuit Court for Baltimore City with instructions to dismiss.*
> *Costs to be paid by respondent.*