296 Md. 46 (1983)
459 A.2d 205
MARYLAND COMMISSION ON HUMAN RELATIONS
v.
BALTIMORE GAS AND ELECTRIC COMPANY
[No. 66, September Term, 1982.]
Court of Appeals of Maryland.
Decided April 26, 1983.
*47 The cause was argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.
Risselle Rosenthal Fleisher, General Counsel, for appellant.
Stanley Mazaroff, with whom were Venable, Baetjer & Howard, Michael D. Rind and James A. Biddison, Jr., on the brief, for appellee.
DAVIDSON, J., delivered the opinion of the Court.
The primary question this case presents concerns the doctrine of exhaustion of statutorily prescribed administrative and judicial remedies. More particularly, the question is whether an administrative agency appeal board's order remanding a case to a hearing examiner for further proceedings constitutes a final decision that entitles a party to immediate judicial review.
On 22 November 1978, the petitioner, Maryland Commission on Human Relations (Commission), filed a complaint, see Md. Code (1957, 1979 Repl.Vol.), Art. 49B, § 9 (b), against the respondent, Baltimore Gas and Electric Company (B G & E), alleging that B G & E's policy of refusing to hire the spouse of an employee constituted discrimination based upon marital status.[1] B G & E denied *48 that its policy was discriminatory, asserting that it was merely a component of a general "anti-nepotism policy" that precluded the hiring of all close relatives of employees,[2] and was based upon relational status, not marital status. In addition, B G & E asserted as a defense that even if its policy were discriminatory, business necessity would justify its existence.[3]
The Commission issued a "Written Finding," see Md. Code (1957, 1979 Repl.Vol., 1982 Cum.Supp.), Art. 49B, § 10 (a), (b), & (c), that there was "probable cause" to believe that B G & E "discriminates against potential employees in the area of hiring, on the basis of marital status, in violation of Article 49B of the Annotated Code of Maryland." An agreement for the elimination of the alleged discriminatory acts was not reached, and the case was transferred to a Hearing Examiner, see Md. Code (1957, 1979 Repl.Vol.), Art. 49B, § 11 (a).
After oral argument, the Hearing Examiner, in a written opinion, found that B G & E's policy of refusing to hire the spouse of an employee did not constitute a discriminatory act because "the anti-nepotism policy considered herein is not one concerning itself with marital status, but is based directly and solely on a relational status to a present *49 employee...." Having found no discriminatory act, the Hearing Examiner indicated that the question whether "business necessity" constituted a defense did not need to be determined. The Hearing Examiner entered an order dismissing the complaint, see Md. Code (1957, 1979 Repl. Vol.), Art. 49B, § 11 (g).
The Commission appealed to an Appeal Board of Commissioners (Appeal Board), see Md. Code (1957, 1979 Repl.Vol., 1982 Cum.Supp.), Art. 49B, § 3 (d). In a written opinion, the Appeal Board indicated that the only issue before it was whether B G & E's policy of refusing to hire the spouse of an employee was "violative of Article 49B of the Maryland Code Annotated, in that it is a discriminatory act on the basis of marital status." The Appeal Board found that that policy was "a violation of Article 49B of the Annotated Code of Maryland in that it discriminates against potential employees in the area of hiring on the basis of marital status." On 18 November 1980, the Appeal Board issued a written order remanding the case to the Hearing Examiner "to determine whether the respondent's `close relative policy' is justified as a matter of business necessity within the intendment of Article 49B, Section 16 (g)."
Before a further hearing had been held by a Hearing Examiner, B G & E filed an appeal to the Baltimore City Court (now the Circuit Court for Baltimore City), see Md. Code (1957, 1982 Repl. Vol.), Art. 41, §§ 244 (a) & 255 (a) of the Administrative Procedure Act; Md. Rules B1 & B2. There, it raised for the first time, among other things, the contention that the Commission had violated the Code of Maryland Regulations (COMAR) 14.03.01.09A (2) (d) requiring that a complaint be authorized by four commissioners.[4] The Commission moved to dismiss the appeal on the ground that the Appeal Board's 18 November 1980 order remanding the case to the Hearing Examiner *50 was not final and, therefore, that B G & E had not exhausted its administrative remedies. That motion was denied.
In a written opinion, the trial court found, among other things, that the Commission had violated COMAR 14.03.01.09A (2) (d) because only three commissioners had authorized the complaint. On 22 January 1982, the trial court entered an order remanding the case to the Commission. The Commission filed an appeal to the Court of Special Appeals. While that appeal was pending, the Commission filed a petition for a writ of certiorari that we granted before consideration by the Court of Special Appeals. We shall vacate the judgment of the trial court.

I
This Court has firmly adhered to the principle that statutorily prescribed administrative and judicial remedies must ordinarily be pursued and exhausted. This principle is not only a requirement of our case law, it is a policy embodied in various enactments of the General Assembly. See, e.g., Maryland Comm'n on Human Relations v. Bethlehem Steel Corp., 295 Md. 586, 592, 457 A.2d 1146, 1149 (1983); Maryland Comm'n on Human Relations v. Mass Transit Admin., 294 Md. 225, 230-31, 449 A.2d 385, 387-88 (1982). The rationale underlying this principle was stated in Soley v. State of Maryland Commission on Human Relations, 277 Md. 521, 526, 356 A.2d 254, 257 (1976). There, this Court said:

*51 "The decisions of an administrative agency are often of a discretionary nature, and frequently require an expertise which the agency can bring to bear in sifting the information presented to it. The agency should be afforded the initial opportunity to exercise that discretion and to apply that expertise. Furthermore, to permit interruption for purposes of judicial intervention at various stages of the administrative process might well undermine the very efficiency which the Legislature intended to achieve in the first instance. Lastly, the courts might be called upon to decide issues which perhaps would never arise if the prescribed administrative remedies were followed."
To exhaust administrative remedies, ordinarily a party must pursue the prescribed administrative procedure to its conclusion and await its final outcome. E.g., Aircraft & Diesel Equip. Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500 (1947); Steuart Inv. Co. v. Board of Comm'rs, St. Mary's County, 38 Md. App. 381, 390, 381 A.2d 1174, 1180 (1978); see 73 C.J.S. Public Administrative Bodies and Procedure § 41b (1951). Generally, a party can resort to a court only when there is a final order in the administrative proceeding. See, e.g., Kay Constr. Co. v. County Council for Montgomery County, 227 Md. 479, 489-90, 177 A.2d 694, 700 (1962); Celanese Corp. v. Bartlett, 200 Md. 397, 409, 90 A.2d 208, 214 (1952); Big Vein Coal Co. v. Leasure, 192 Md. 435, 437, 64 A.2d 563, 564 (1949). This principle too is not only a requirement of our case law, it is a policy embodied in various enactments of the General Assembly.[5] Maryland *52 Code (1957, 1982 Repl.Vol.), Art. 41, § 255(a), of the Administrative Procedure Act, applicable here[6] is such an enactment. That section provides:
"Right to review.  Any party aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review thereof under this subtitle." (Emphasis added.)
Thus, the basic question here is whether, under the Administrative Procedure Act, an administrative agency appeal board's order remanding a case to a hearing examiner constitutes a "final decision" entitling the parties to judicial review.
This Court has frequently characterized a final order of a court as a judicial determination that concludes the rights of parties or denies them means of further prosecuting or defending their rights and interests in the subject matter of the proceedings. E.g., Highfield Water Co. v. Washington County Sanitary Dist., 295 Md. 410, 415, 456 A.2d 371, 373 (1983); Schultz v. Pritts, 291 Md. 1, 5-6, 432 A.2d 1319, 1322 (1981). Thus, this Court has established the general principle that an order of a court is final and appealable when it determines or concludes the rights of the parties and leaves nothing further for the court to do. Applying this general principle, this Court has repeatedly held that a trial court's order remanding a case to an administrative agency constitutes a final order for the purpose of further judicial review. E.g., Brown v. Baer, 291 Md. 377, 386, 435 A.2d 96, 100 (1981); Schultz, 291 Md. at 6, 432 A.2d at 1322; *53 Department of Pub. Safety & Correctional Servs. v. LeVan, 288 Md. 533, 544, 419 A.2d 1052, 1057 (1980). Thus in Schultz v. Pritts, 291 Md. 1, 6, 432 A.2d 1319, 1322-23 (1981), this Court said:
"When a court remands a proceeding to an administrative agency, the matter reverts to the processes of the agency, and there is nothing further for the court to do. Such an order is an appealable final order because it terminates the judicial proceeding and denies the parties means of further prosecuting or defending their rights in the judicial proceeding."
We are persuaded that the same general principle should apply in determining whether the order of an administrative agency constitutes a "final decision" entitling a party to immediate judicial review. Although Maryland courts have considered whether certain particular administrative determinations are final actions entitling parties to judicial review, the characteristics of a "final" administrative action have seldom been described. E.g., Kay Constr. Co., 227 Md. at 490, 177 A.2d at 700 (resolution of County Council granting reconsideration of a zoning classification is not a final order); Celanese Corp., 200 Md. at 409, 90 A.2d at 214 (decision of the Employment Security Board that "if otherwise eligible, she is entitled to benefits" is not a final decision); Big Vein Coal Co., 192 Md. at 437, 64 A.2d at 564 (order of the State Industrial Accident Commission allowing claimant to amend claim is not a final order). On some few occasions, this Court has indicated that a party is entitled to judicial review of an administrative action if that action disposes of the matter. E.g., Furley v. Warren-Ehret Co., 195 Md. 339, 345, 73 A.2d 497, 499 (1949); Liggett & Meyers Tobacco Co. v. Goslin, 163 Md. 74, 78, 160 A. 804, 806 (1932); see, e.g., Williams v. McHugh, 51 Md. App. 570, 573, 444 A.2d 475, 477 (1982). Thus, in Liggett & Meyers Tobacco Co. v. Goslin, 163 Md. 74, 78, 160 A. 804, 806 (1932), this Court, construing a statute providing for judicial review of an administrative agency decision, said:

*54 "But the appeal allowed by the statute, Code, art. 101, sec. 56, as amended by Acts 1927, ch. 587, is not from the findings or opinion of the commission but from its `decision.' And by `decision' is obviously meant the order by which it disposes of the case." (Emphasis added.)
In addition, on some few occasions, the Court of Special Appeals has recognized that a party is entitled to judicial review of an administrative action if that action determines the party's rights under the agency's governing statute. E.g., Williams, 51 Md. App. at 573, 444 A.2d at 477; Great American Ins. Co. v. Havenner, 33 Md. App. 326, 332, 364 A.2d 95, 99 (1976); Flying "A" Service Station v. Jordan, 17 Md. App. 477, 480-81, 302 A.2d 650, 653 (1973). Thus, in Flying "A" Service Station v. Jordan, 17 Md. App. 477, 480-81, 302 A.2d 650, 653 (1973), the Court of Special Appeals in construing a statute providing for judicial review of an administrative agency decision said:
"A decision of the Commission which an aggrieved party is entitled to have reviewed by a court must be an operative order which has the effect of granting or denying some benefit under the Workmen's Compensation law. Most often, such a decision is reached by giving effect to multiple findings, but it is the ultimate decision or order, not each individual finding, which is the basis for judicial review. Obviously, in a review of the correctness of a decision or order, each finding that contributed to the final result is examined, and one incorrect finding may make the result incorrect. But the appeal is from the result, rather than from each of its separate elements." (Emphasis added.)
While Maryland courts have seldom described the attributes of a final administrative action, the United States Supreme Court has frequently articulated the primary characteristics to be considered in determining whether an agency's action is final for purposes of judicial review. As *55 long ago as 1927, in United States v. Los Angeles & Salt Lake Railroad Co., 273 U.S. 299, 309-10, 47 S.Ct. 413, 414 (1927), Justice Brandeis, writing for the majority, said:
"The so-called order here complained of is one which does not command the carrier to do, or to refrain from doing anything; which does not grant or withhold any authority, privilege, or license; which does not extend or abridge any power or facility; which does not subject the carrier to any liability, civil or criminal; which does not change the carrier's existing or future status or condition; which does not determine any right or obligation."
Subsequently, in Chicago & Southern Air Lines, Inc. v. Waterman Steamship Corp., 333 U.S. 103, 112-13, 68 S.Ct. 431, 437 (1948), that Court said:
"[A]dministrative orders are not reviewable unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process."
More recently, in Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 71, 91 S.Ct. 203, 209 (1970), Justice Marshall, writing for the majority, said:
"[T]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of [administrative] adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action.
"Here there was no possible disruption of the administrative process; there was nothing else for the Commission to do." (Citations omitted.)
Most recently, in Federal Trade Commission v. Standard Oil Company of California, 449 U.S. 232, 243, 101 S.Ct. 488, 495 (1980), that Court said:

*56 "In sum, the Commission's issuance of a complaint averring reason to believe that Socal was violating the Act is not a definitive ruling or regulation. It had no legal force or practical effect upon Socal's daily business other than the disruptions that accompany any major litigation. And immediate judicial review would serve neither efficiency nor enforcement of the Act. These pragmatic considerations counsel against the conclusion that the issuance of the complaint was `final agency action.'"
All of these cases lead to the conclusion that ordinarily the action of an administrative agency, like the order of a court, is final if it determines or concludes the rights of the parties, or if it denies the parties means of further prosecuting or defending their rights and interests in the subject matter in proceedings before the agency, thus leaving nothing further for the agency to do. Courts in other jurisdictions that have considered the precise question here have applied this general principle and have held that an administrative agency appeal board's order of remand to a hearing examiner is not final because further agency proceedings are required in order to determine the rights of the parties. See Noranda Aluminum, Inc. v. Occupational Safety & Health Review Comm'n, 650 F.2d 934, 935 (8th Cir.1981); Stripe-A-Zone v. Occupational Safety & Health Review Comm'n, 643 F.2d 230, 233 (5th Cir.1981); Fieldcrest Mills, Inc. v. Occupational Safety & Health Review Comm'n, 545 F.2d 1384, 1386 (4th Cir.1976); Sun Shipbuilding & Dry Dock Co. v. Benefits Review Bd., U.S. Dept. of Labor, 535 F.2d 758, 760 (3d Cir.1976); Chastain v. Spartan Mills, 228 S.C. 61, 65-66, 88 S.E.2d 836, 837-38 (1955); Glenn v. State Compensation Comm'r, 118 W. Va. 203, 205, 189 S.E. 705, 706 (1937); Berg v. Industrial Comm'n, 236 Wis. 172, 179, 294 N.W. 506, 509 (1940); see also Garner v. Owens-Illinois Glass Container, 134 Ga. App. 917, 922, 216 S.E.2d 709, 713 (1975); Railroad Comm'n of Texas v. Brazos River Gas Co., 594 S.W.2d 216, 218 (Tex.Civ.App. 1980). But see Myers v. *57 Inter-State Tile & Mantel Co., 491 Pa. 207, 211-12, 420 A.2d 414, 416-17 (1980). We too shall apply the general principle that an administrative agency's action is final if it determines the rights of the parties and leaves nothing further for the agency to do.
Here, the Appeal Board found that B G & E's policy of refusing to hire the spouse of an employee violated Art. 49B. However, although Art. 49B, § 16 (a) (1) provides that it is an unlawful employment practice for an employer to discriminate against a person on the basis of marital status, the Commission has agreed for the purposes of this case that under Art. 49B, § 16 (g) (1), such discrimination is lawful if required by "business necessity."[7] Under these circumstances, the Appeal Board's finding of a violation of Art. 49B does not necessarily constitute a finding that B G & E had engaged in an unlawful discriminatory act.
The Appeal Board explicitly delineated the nature of the purported "violation" of Art. 49B when it said that B G & E "discriminates against potential employees in the area of hiring on the basis of marital status." Additionally, the Appeal Board's order remanded the case to the Hearing Examiner to determine whether B G & E's policy was justified by "business necessity." When read in context, it is clear that, notwithstanding the use of the word "violation," the Appeal Board found nothing more than that B G & E had engaged in a discriminatory act. It did not determine whether that discriminatory act was unlawful. That issue was left unresolved.
Moreover, the Appeal Board's order did not command B G & E to do or refrain from doing anything; did not grant or *58 deny any benefit to which B G & E was entitled under the law; did not subject B G & E to any liability, civil or criminal; and did not change B G & E's existing or future status. Indeed, no legal consequence of any kind flowed from the Appeal Board's order. In short, the Appeal Board's order did not determine or conclude B G & E's rights and obligations. Those rights and obligations will not be determined until there has been further agency action. Manifestly, the Appeal Board's order did not dispose of the matter. The administrative proceeding was not terminated and B G & E was not denied the means of further prosecuting and defending its rights in the administrative proceeding.
Under the present circumstances, the Appeal Board's order remanding the case to a Hearing Examiner was not a final decision entitling B G & E to immediate judicial review.[8] This result is consonant with the rationale underlying the principle requiring the exhaustion of statutorily prescribed administrative and judicial remedies. The Commission is afforded the initial opportunity to determine whether the discriminatory act is required by business necessity and is, therefore, lawful  an issue that involves questions of fact and law requiring the application of agency expertise. In addition, the efficiency of the unconsummated administrative process is not undermined by premature judicial interruption. Finally, waiting for the Commission to determine whether B G & E's discriminatory act is required by business necessity and is, therefore, lawful, *59 avoids the necessity of a judicial determination of issues that might not arise.
We now hold that the order of the Appeal Board remanding the case to a Hearing Examiner for further proceedings was not a final decision that entitles B G & E to immediate judicial review.[9] Accordingly, we shall vacate the judgment of the trial court and shall remand the case to that court with instructions to dismiss B G & E's appeal.
Judgment of the Baltimore City Court (now the Circuit Court for Baltimore City) vacated.
Case remanded to the Circuit Court for Baltimore City with instructions to dismiss.
Costs to be paid by respondent.
NOTES
[1] Md. Code (1957, 1979 Repl.Vol.), Art. 49B, § 16 (a) (1) provides in pertinent part:

"(a) It shall be an unlawful employment practice for an employer:
"(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... marital status. .. ." (Emphasis added.)
[2] The term "close relative," as defined in B G & E's management manual, includes anyone who is related by blood to the employee or employee's spouse, including "parent or child, grandparent or grandchild, brother or sister, aunt or uncle, nephew or niece, or a [spouse] of such a blood relative...."
[3] Md. Code (1957, 1979 Repl. Vol.), Art. 49B, § 16 (g) (1) provides in pertinent part:

"(g) Notwithstanding any other provision of this subtitle, (1) it is not an unlawful employment practice for an employer to hire and employ employees ... on the basis of his religion, national origin or physical or mental qualification in those instances where sex, age, religion, national origin or physical or mental qualification is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise. ..." (Emphasis added.)
[4] COMAR 14.03.01.09A (2) (d) then provided:

"The general counsel shall forward this complaint to the Executive Director who shall present the complaint to the chairperson for authorization by four Commissioners which, upon this authorization, shall constitute a Commission complaint." (Emphasis added.)
Effective 14 September 1981, COMAR 14.03.01.09A (2) (d) was amended to provide:
"The general counsel shall forward this complaint to the Executive Director who shall present the complaint to the chairperson for authorization by three Commissioners which, upon this authorization, shall constitute a Commission complaint." (Emphasis added.)
[5] E.g., Md.Code (1957, 1981 Repl.Vol.), Art. 21, § 7-203 (b); Md.Code (1957, 1982 Repl.Vol.), Art. 38A, § 14 (c); Md.Code (1957, 1982 Repl.Vol.), Art. 40A, § 2-105 (d) (9); Md.Code (1957, 1982 Repl.Vol.), Art. 41, §§ 188A (h), 204F (1), & 255 (a); Md.Code (1957, 1979 Repl.Vol., 1982 Cum.Supp.), Art. 56, § 474; Md.Code (1957, 1980 Repl.Vol., 1982 Cum.Supp.), Art. 75 1/2, § 17 (g); Md.Code (1957, 1980 Repl.Vol.), Art. 78, § 90; Md.Code (1974, 1982 Cum.Supp.) § 4-212 (d) of the Agriculture Article; Md.Code (1975) § 11-704 (a) of the Corporations & Associations Article; Md.Code (1980) § 9-208 (c) of the Financial Institutions Article; Md.Code (1982) §§ 2-607 (a), 4-325 (a), 4-614 (a), 4-716 (a), 7-264 (a), 9-340 (a), & 9-1018 (a) of the Health-Environmental Article; Md.Code (1982 & 1982 Supp.) §§ 19-121 & 19-221 (a) (1) of the Health-General Article; Md.Code (1981, 1982 Cum.Supp.) §§ 2-315 (b) (1), 3-312 (b) (1), 4-318 (b) (1), 5-313 (b) (1), 6-317 (b) (1), 7-315 (b) (1), 8-315 (b) (1), 9-316 (b) (1), 10-317 (b) (1), 12-313 (b) (1), 13-317 (b) (1), 15-315 (b) (1), 16-314 (b) (1), 17-316 (b) (1), 18-312 (b) (1), 19-315 (b) (1), 20-310 (b) (1), 21-312 (b) (1) of the Health Occupations Article; Md.Code (1977, 1982 Cum.Supp.) § 16-205.1 (g) of the Transportation Article.
[6] Art. 41, § 244 (a) provides in pertinent part:

"`Agency' means any State board, commission, department or officer authorized by law to make rules or to adjudicate contested cases. ..." (Emphasis added.)
[7] Art. 49B, § 16 (g) does not explicitly provide that it is not an unlawful employment practice to hire on the basis of marital status if marital status is a qualification reasonably necessary to the occupation or business. In this case, the Commission has not raised the question whether "business necessity" is a defense to a charge of marital status discrimination. Rather, it has agreed that, for the purpose of this case, a showing of business necessity would excuse such discrimination. Under these circumstances, the question whether under Art. 49B, § 16 (g) (1) a showing of business necessity constitutes a defense to a charge of marital status discrimination is not considered here.
[8] We note that B G & E contends that "the Commission's own rules [COMAR 14.03.01.08F] recognize that any decision of the Appeal Board to affirm, reverse or modify the Hearing Examiner's provisional order constitutes a final decision and order which is subject to judicial review." Thus, B G & E asserts that COMAR 14.03.01.08F characterizes any decision or order of the Appeal Board as a "final decision" within the scope of Art. 41, § 255 (a). COMAR 14.03.01.08F provides:

"F. Decision and Order. The Appeal Board may affirm, reverse, or modify the provisional order in accordance with the standards as set forth in Article 41, § 255 (g), Annotated Code of Maryland, and shall issue the appropriate final decision and order which shall set forth a concise statement of the conclusions reached upon each contested issue on appeal. A copy of this decision and order, together with a notice of the right fo apply for judicial review of the order under the appropriate provisions of the Maryland Administrative Procedures Act, shall be served on all parties to the case." (Emphasis added.)
B G & E's contention is without merit. In essence, B G & E asserts that COMAR 14.03.01.08F constitutes an administrative interpretation of the words "final decision" appearing in Art. 41, § 255 (a) as encompassing any decision or order of the Appeal Board. While an administrative interpretation of statute is entitled to some weight, it is not binding upon the courts. Comptroller of the Treasury v. John C. Louis Co., 285 Md. 527, 543, 404 A.2d 1045, 1055 (1979). This Court has here determined that the Appeal Board's remand order was not a final appealable decision because it neither determined B G & E's rights nor terminated the administrative proceeding. It, therefore, lacked the characteristics necessary for finality. An administrative agency cannot by rule transform an order that lacks the characteristics necessary for finality into a final appealable decision within the scope of Art. 41, § 255 (a).
[9] We note that B G & E, relying upon Prince George's County v. Blumberg, 288 Md. 275, 285, 418 A.2d 1155, 1161 (1980), cert. denied, 449 U.S. 1083, 101 S.Ct. 869 (1981), alternatively contends that, even if there is no final decision here, the doctrine of exhaustion of administrative remedies does not apply because the issues decided by the trial court did not involve or require agency expertise. B G & E's reliance is misplaced.

Ordinarily, when questions concern the application and interpretation of an agency's governing statute and rules, none of the exceptions to the doctrine of exhaustion of statutorily prescribed administrative and judicial remedies apply. Bethlehem Steel Corp., 295 Md. at 596, 457 A.2d at 1151; Mass Transit Admin., 294 Md. at 232-33, 449 A.2d at 388-89. Here, all of the questions decided by the trial court concerned alleged procedural violations of the Commission's governing statute and rules and, therefore, involved the application and interpretation of the statute and rules. Under these circumstances, none of the exceptions to the doctrine of exhaustion of statutorily prescribed administrative and judicial remedies apply.